UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAUL A. ACQUISTO,

Plaintiff,

vs. Case No. 2:08-cv-847-FtM-29DNF

SECURE HORIZONS by United Healthcare Insurance Company and KATHLEEN SEBELIUS, Secretary of the U.S. Department of Health & Human Services,

Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on defendant Charles E. Johnson's[1] Motion to Dismiss Amended Complaint (Doc. #28) filed on April 22, 2009 and defendant Secure Horizons' Motion to Dismiss Amended Complaint or in the Alternative Motion for Summary Judgment (Doc. #29) filed on April 23, 2009. Plaintiff filed a Response in Opposition to each motion (Docs. ## 34, 35) on May 18, 2009. Also before the Court is Plaintiff's Motion to Essential Facts and Affidavit Pursuant to Rule 56(f) (Doc. #41), to which defendants filed a Joint Opposition (Doc. #42). Plaintiff also filed a Motion

---

[1]Defendant Charles E. Johnson indicates that Michael O. Leavitt, who was named as a defendant in this case as Secretary of the U.S. Department of Health and Human Services, no longer holds that position. Charles E. Johnson was serving as Acting Secretary in the interim, pending the appointment of a new Secretary. Subsequent to the filing of Acting Secretary Johnson's motion, Kathleen Sebelius was appointed as the new Secretary. Pursuant to FED. R. CIV. P. 25(d), Secretary Sebelius will be substituted for former Secretary Leavitt as a defendant in this case.

for Class Action Certification and Motion to Appointment a Class Representative Counsel (Doc. #51) on November 2, 2009. Defendants, Secretary Kathleen Sebelius and Secure Horizons by UnitedHealthcare Insurance Co. ("Secure Horizons"), each filed a Response in Opposition (Docs. ## 52, 53), to which plaintiff filed Replies (Docs. ## 59, 60).

**I.**

Defendant, Secretary Sebelius, seeks to dismiss the Amended Complaint (Doc. #25) for lack of subject matter jurisdiction because the "fundamental jurisdictional requisites for bringing suit against the Secretary on a Medicare claim are not satisfied," and for failure to state a claim against the Secretary upon which relief can be granted. Defendant Secure Horizons seeks to dismiss the Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. In the alternative, defendant Secure Horizons seeks summary judgment, asserting that there remain no material issues of fact and that Secure Horizons is entitled to judgment as a matter of law. Secure Horizons indicates that its motion is intended to supplement the Secretary's motion, which Secure Horizons adopts to the extent possible.

Plaintiff Paul A. Acquisto, construed to be a beneficiary of a Medicare plan[2] sponsored by defendant Secure Horizons, filed an

---

[2]Plaintiff does not specify in the Amended Complaint whether (continued...)

initial Complaint (Doc. #1) on November 10, 2008, and an Amended Complaint (Doc. #25) on March 26, 2009. Construed liberally due to plaintiff's *pro se* status, Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003), the Amended Complaint alleges several claims arising from an increase in the amount charged for Medicare copayments. While set forth as a single count, plaintiff appears to allege claims of breach of contract, deprivation of Constitutional rights by the denial of due process and equal protection, violation of various provisions of 42 U.S.C. § 1395, and the "deprivation of civil rights by conspiracy." (Doc. #25, p. 2.)

Plaintiff requests that defendant Secretary Sebelius: (i) pay plaintiff five hundred dollars ($500) for fees, printing supplies and postage; and (ii) be ordered to impose sanctions and monetary penalties against defendant Secure Horizons for their purported violations. Plaintiff requests that defendant Secure Horizons be ordered to: (i) refund every copayment, commencing January 1, 2007, that was assessed for each benefit as altered by letters of notice sent in February and May, with interest at a rate of five percent (5%); (ii) pay a monetary award to all 2007 Medicare enrollees for breach of contract; and (iii) pay plaintiff the amount of three hundred fifty thousand dollars ($350,000) for

---

[2](...continued)
he is currently enrolled, nor does he specify if and when he was enrolled, or in which program. Such allegations should be included in the Second Amended Complaint.

deprivation of due process rights under the Fifth Amendment and violation of 42 U.S.C. § 1981(b) and 42 U.S.C. § 1985(3). Plaintiff requests that of this amount, two hundred fifty thousand dollars ($250,000) should be sent directly by defendant Secure Horizons to charities to be named by plaintiff. Plaintiff also seeks "exemplary and punitive penalties damages" for the putative class described in plaintiff's pending Motion for Class Action Certification and Motion to Appointment a Class Representative Counsel (Doc. #51).

**II.**

As a threshold matter, the Court finds that the Amended Complaint is essentially a compilation of general factual allegations without specifically delineated counts or specifications as to which counts are asserted against which defendant. Particularly in light of the subject matter jurisdictional challenges, the Court finds that each claim should be set forth in a separate count in order for the pleading to have sufficient clarity. FED. R. CIV. P. 10(b). Therefore, the Amended Complaint will be dismissed without prejudice on this basis, with leave to amend.

As plaintiff is proceeding *pro se*, the Court will take this opportunity to further explain some of the responsibilities and obligations that he bears as a *pro se* party. In filing a Second Amended Complaint, plaintiff must conform to the pleading

requirements of Federal Rules of Civil Procedure 8 and 10 by providing a short, plain statement regarding the relief sought and using distinct, numbered paragraphs. The document should be titled, "Second Amended Complaint." In the body of the Second Amended Complaint, plaintiff should clearly describe how each named defendant is involved in each of the alleged claims. Plaintiff must state what rights under the Constitution, laws, or treaties of the United States or Florida have been violated. It is improper, however, for plaintiff to merely list constitutional rights or federal or state rights and/or statutes. Rather, plaintiff must also provide support in the statement of facts for each of the claimed violations. More than conclusory and vague allegations are required to state a cause of action. Plaintiff must provide support for each of the alleged claims by stating facts sufficient to provide grounds for his claimed entitlement to relief.[3]

The Court notes the challenges to subject matter jurisdiction. Since the Court is providing plaintiff the opportunity to amend, it need not decide the jurisdictional issues at this time. Plaintiff

---

[3]"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1959. Plaintiff must plead enough facts to state a plausible basis for the claim. Id.

is advised, however, that he must sufficiently allege the jurisdictional basis for his claims, and that the failure to do so may result in dismissal of the case. Subject matter jurisdiction should be specifically addressed by plaintiff in the Second Amended Complaint.

Accordingly, it is now

**ORDERED:**

1. Defendant Charles E. Johnson's Motion to Dismiss Amended Complaint (Doc. #28) is **GRANTED** and the Amended Complaint is **dismissed without prejudice** with leave to file a "Second Amended Complaint" within **TWENTY-ONE (21) DAYS** of this Opinion and Order and in compliance with the Court's directions.

2. Defendant Secure Horizons's Motion to Dismiss Amended Complaint or in the Alternative Motion for Summary Judgment (Doc. #29) is **GRANTED** and the Amended Complaint is **dismissed without prejudice** with leave to file a "Second Amended Complaint" within **TWENTY-ONE (21) DAYS** of this Opinion and Order and in compliance with the Court's directions.

3. Plaintiff's Motion to Essential Facts and Affidavit Pursuant to Rule 56(f) (Doc. #41) is **DENIED** without prejudice in light of the Court's dismissal of the underlying Amended Complaint.

4. Plaintiff's Motion for Class Action Certification and Motion to Appointment a Class Representative Counsel (Doc. #51) is

**DENIED** without prejudice in light of the Courts' dismissal of the underlying Amended Complaint.

**DONE AND ORDERED** at Fort Myers, Florida, this 23rd day of February 2010.

John E. Steele

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Plaintiff