UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAUL A. ACQUISTO,

                Plaintiff,

vs.                        Case No.  2:08-cv-847-FtM-29DNF

SECURE HORIZONS by United Healthcare
Insurance Company,

                Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for New Trial and Relief From Judgment (Doc. #97) filed on January 12, 2012. Defendant filed a Response (Doc. #98) on January 18, 2012. Plaintiff relies on Federal Rules of Civil Procedure 59(a)(1)(B) and 60(b)(6).

Rule 59(a)(1)(B) specifies that following a non-jury trial, a motion for new trial may be advanced "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court. In non-jury cases, the granting of a new trial is usually reserved for instances in which the trial was "infected with 'manifest errors of law or fact.'" U.S. Gypsum Co. v. Schiavo Bros., Inc., 668 F.2d 172, 180 (3d Cir. 1981)(quoting 6A Moore's Federal Practice ¶ 59.07 (2d ed.)), cert denied, 456 U.S. 961 (1982). The Court recently dismissed plaintiff's Third Amended Complaint without prejudice (Doc. #96). Therefore, granting relief

under Rule 59(a)(1)(B) would be improper because no trial has occurred in this case.

Rule 60 (b)(6) provides that on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under this catch-all provision is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Gilley v. Monsanto Co., Inc., 428 F. App'x 883, 885 (11th Cir. 2011)(quoting Cavaliere v. Allstate Inc. Co., 996 F.2d 1111, 1115 (11th Cir. 1993). Plaintiff's motion fails to identify any exceptional circumstances and instead offers only a rehash of previously rejected arguments.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion for New Trial and Relief From Judgment (Doc. #97) is **DENIED.**

2. The Clerk shall enter judgment in accordance with the Court's December 27, 2011 Opinion and Order (Doc. #96), terminate all deadlines and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __8th__ day of March, 2012.

JOHN E. STEELE
United States District Judge

Copies: Counsel of record